**CONCERNED COURT EMPLOYEES, et al., Appellants,**

v.

**Larry P. POLANSKY, Executive Officer of the District of Columbia Courts, et al., Appellees.**

**No. 83–956.**

District of Columbia Court of Appeals.

Argued May 30, 1984.

Decided July 25, 1984.

Abraham L. Zwerdling, Washington, D.C., for appellants.

Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, John H. Suda, Principal Deputy Corp. Counsel, and

---

Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before NEBEKER, BELSON and TERRY, Associate Judges.

NEBEKER, Associate Judge:

At issue in this appeal from a class-action is the authority of the Executive Officer of the District of Columbia Courts under D.C.Code § 11–1726 (1981)[1] to fix compensation levels for nonjudicial employees. The trial court, after a hearing, entered summary judgment for the District holding that the Executive Officer had followed the statutory directives in setting a 5 percent fiscal 1981 salary increase. Finding no error, we affirm.

For fiscal year 1981, federal employees received a 9.1 percent pay raise and District employees in the executive branch received a 5 percent pay increase. The Executive Officer, after consideration of these pay raises and other factors, recommended a 5 percent pay increase for court employees. The Joint Committee on Judicial Administration in the District of Columbia ("Joint Committee") approved the recommendation.[2]

Appellants, individual court employees and members of an organization designed to promote employee interests, challenge the propriety of the Executive Officer's salary determination under § 11–1726.[3] Specifically, they urge that the Executive Officer's deposition and his testimony at the hearing reveal that he improperly considered factors other than pending federal and District pay increases in his compensation calculus. Further, it is claimed that the choice of a 5 percent pay raise, in light of the proposed federal and District pay increases, evidences, as a matter of law, an inadequate consideration of these pay increases in the statutory balancing process.

■ The controlling language in § 11–1726 states that "the Executive Officer shall be guided by the rates of compensation fixed for other employees in ... the Federal and District of Columbia Governments ...." The nub of this case is, therefore, whether this language was intended to exclude consideration of all possible pay raise factors save federal and District employee salary increases. We hold that it was not.

Put in their most favorable light, appellants' arguments must fail because there is no dispute that the Executive Officer did prominently utilize the federal and District pay raises in his compensation calculus. Further, the 5 percent raise does fall at the lowest end of the range of potential pay raises between the federal and District pay raises. It is difficult to surmise what more appellants could ask the Executive Officer to do under even their interpretation of § 11–1726. Plainly, the section cannot be understood to require that the court-employee salary increase fall evenly between the two pay raises. Nor can it be interpreted to require that the increase be greater than the lower of the two or smaller than the higher.

Moreover, we are constrained to comment briefly on the interpretation of § 11–1726 urged by appellants: that the Executive Officer could consider *only* federal and District pay raises in determining appellants' salary increase. Contrary to appellants' assertion, we do not believe that such

1. The pertinent portion of § 11–1726 reads:
 In fixing the [compensation] rates of nonjudicial employees under this section, the Executive Officer shall be guided by the rates of compensation fixed for other employees in the executive and judicial branches of the Federal and District of Columbia Governments occupying the same or similar positions or occupying positions of similar responsibility, duty, and difficulty.

2. Because of our disposition of this case, we do not address the possible impact which the Joint Committee's supervisory authority over the Executive Officer's decisions might have on appellants' arguments.

3. At trial, appellants urged several alternative grounds to upset the instituted pay raise. None of these are pursued on appeal.

a legislative purpose is clear or that the language of § 11–1726 requires this limitation. Further, it is apparent that such an interpretation would place the Executive Officer in the untenable position of having to forego consideration of the impact of unforeseen court expenditures[4] or, more importantly, congressional budgetary restraints. We reject appellants' narrow reading of the statutory language.

 It is clear that the Executive Officer was guided by federal and District pay raises in instituting the 5 percent pay increase for court employees. Notwithstanding his prudent consideration of other factors, we hold that the directives of § 11–1726 were observed.

*Affirmed.*

---

**4.** Appellants' counsel candidly acknowledged during oral argument that their position would require the Executive Officer to institute a pay raise between that given to federal and District employees, even where special circumstances had unexpectedly drained the courts of funds and neither Congress nor the District was inclined to fill the budgetary shortfall.